IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARAJEAN ANSEL,         ) | |
| )                        | |
| Plaintiff,               ) | |
| )                        | Civil Action File No: |
| v.                       ) | |
| )                        | JURY TRIAL DEMANDED |
| MILTON HALL SURGICAL     ) | |
| ASSOCIATES, LLC,         ) | |
| )                        | |
| Defendant.               ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Tarajean Ansel (hereinafter "Plaintiff" or "Ms. Ansel"), Plaintiff in the above-styled matter, and files this her Complaint for Damages and Injunctive Relief and shows as follows:

## NATURE OF ACTION

1.

Plaintiff asserts that the Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") 42 U.S.C. § 2000e, et seq., by discriminating against her on the basis of her sex (female) and retaliating against her for opposing unlawful employment practices under Title VII.

2.

Plaintiff also asserts that the Defendant has violated the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") 29 U.S.C. § 621, et seq., by discriminating against her on the basis of her age (48) and retaliating against her for opposing unlawful employment practices under the ADEA.

3.

Plaintiff also asserts that the Defendant has violated the State of Georgia False Medicaid Claims Act ("False Claims Act"), O.C.G.A. § 49-4-168.4, by retaliating against her for opposing unlawful employment practices under the False Claims Act.

4.

Plaintiff further asserts that the Defendant breached the Employment Agreement she executed with Defendant on or about February 21, 2019, when she was terminated allegedly "for cause" on February 27, 2020, without prior notice or warning.

## STATUTORY BASIS FOR ACTION

5.

Pursuant to Title VII, 42 U.S.C. § 2000e-2(a),

It shall be an unlawful employment practice for an employer—
**(1)** to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ; or

**(2)** to limit, segregate, or classify [its] employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's . . . sex . . . .

6.

Pursuant to Title VII, 42 U.S.C. § 2000e-3(a),

It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . to discriminate against any individual . . . because [she] has opposed any practice made an unlawful employment practice by this title [42 USCS §§ 2000e–2000e-17], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 USCS §§ 2000e–2000e-17].

7.

Pursuant to the ADEA, 29 U.S.C. § 623(a),

It shall be unlawful for an employer—
**(1)** to . . . discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age;
**(2)** to limit, segregate, or classify [its] employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's age . . . .

8.

Pursuant to ADEA, 29 U.S.C. § 623(d),

It shall be unlawful for an employer to discriminate against any of [its] employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made

a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

9.

Pursuant to the False Claims Act, O.C.G.A. § 49-4-168.4,

Any employee . . . shall be entitled to all relief necessary to make such employee . . . whole, if that employee . . . is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by such employee . . . in furtherance of a civil action under this Code section or other efforts to stop one or more violations of this article.

10.

Pursuant to O.C.G.A. § 9-3-24, "[a]ll actions upon simple contracts in writing shall be brought within six years . . . ." O.C.G.A. § 9-3-24.

## **JURISDICTION AND VENUE**

11.

This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b)(3).

12.

Venue is proper in this District under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b), because Defendant, Milton Hall Surgical Associates, LLC ("Milton

Hall"), is registered and maintains a place of business in this judicial district at: 3330 Preston Ridge Road, Suite 240, Alpharetta, GA 30005.

13.

All statutory conditions precedent to the initiation of this lawsuit have been fulfilled in accordance with 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621, et seq.

## PARTIES

14.

The Plaintiff is an individual residing in Georgia, within this District and this Division.

15.

The Defendant Milton Hall is a domestic limited liability company licensed and registered to do business in Georgia and can be served through its registered agent, Peter V. Hasbrouck, at: MARTENSON HASBROUCK & SIMON, LLP, 2573 Apple Valley Road, Atlanta, GA, 30319.

## STATEMENT OF FACTS

16.

Pursuant to the Employment Agreement dated February 21, 2019 ("the Agreement," attached hereto as Exhibit "A"), Milton Hall engaged our client to serve as its revenue cycle management executive on or about February 21, 2019.

17.

Ms. Ansel's base salary at Milton Hall was $165,000.00 per year.

18.

Ms. Ansel was hired for a term that would continue indefinitely unless her employment was terminated pursuant to the terms and conditions of the Agreement.

19.

In addition to her base salary, Ms. Ansel had an opportunity to earn an incentive bonus (subsection 2(b) of the Agreement) in the amount of $20,000.00 for each one percent (1%) reduction in the revenue cycle management expense relative to gross collections (hereinafter the "Revenue Cycle").

20.

During her tenure with Milton Hall, Ms. Ansel was instrumental in improving the revenue cycle management of Milton Hall. For example, Ms. Ansel reduced the overall accounts receivable of Milton Hall from $8,844,858.00 down to approximately $3,678,208.00 during her year with the company. More importantly, Ms. Ansel reduced the Revenue Cycle from 8.78% to approximately 3.4%.

21.

As a result, Ms. Ansel was repeatedly praised for her outstanding work and willingness to work long hours – several praises and compliments of which she received during the last few weeks of her employment with Milton Hall.

22.

Throughout her tenure with Milton Hall, Ms. Ansel was subjected to a pattern and practice of discrimination based on her gender/sex (female), as well as her age (48). This included, to wit, the Majority Member of Milton Hall, Jeffrey Gallups ("Mr. Gallups"): stating "it's a man's world;" Mr. Gallups routinely hiring younger male and female employees over older, qualified individuals; and Mr. Gallups stating that an older, female co-worker needed to be "put out to pasture."

23.

Within in the last few months of her employment with Defendant, Ms. Ansel complained regarding the discrimination and hostile work environment she was experiencing. However, nothing was done to address her concerns.

24.

In addition, while she was working for Milton Hall, Ms. Ansel noticed that Milton Hall appeared to be engaging in Medicare and Medicaid fraud. As a result,

Ms. Ansel complained to Mr. Gallups regarding her concerns and allegations against Milton Hall.

25.

Shortly after Ms. Ansel made her complaints, on February 27, 2020, she was terminated without prior warning or notice for "insubordination and communications . . . that violated Milton Hall's policies . . . ." It is important to note that the termination letter did not identify which provisions of these employee guidelines that Ms. Ansel had allegedly breached. Further, the letter did not specify what provision of the Agreement Milton Hall was relying upon to establish "cause".

26.

Subsection 3(a) of the Agreement does allow Milton Hall to terminate Ms. Ansel for cause. However, the termination letter failed to identify which provision of Subsection 3(a) that Milton Hall was relying upon for the termination of Ms. Ansel.

27.

Therefore, based on the termination letter, the only possible conclusion is that Milton Hall was attempting to rely on Subsection 3(a)(8) of the Agreement. However, Subsection 3(a)(8) of the Agreement is only applicable if Ms. Ansel failed

to materially comply with the handbook or culture guide <u>of which the employee has received notice prior to the alleged failure</u>.

28.

Pursuant to the clear and unambiguous language of Subsection 3(a)(8) of the Agreement, Ms. Ansel must have received prior written notice of the alleged failure. However, Ms. Ansel never received any notice of these issues prior to the date of her termination.

29.

Therefore, not only did Milton Hall fail to identify which provisions of these policies were violated, but Ms. Ansel also did not receive any prior notice of any alleged failure.

30.

In addition, Subsection 3(a)(8) of the Agreement clearly states and requires Milton Hall to allow Ms. Ansel to exhaust all due process or appeal rights prior to any termination for cause.

31.

Ms. Ansel was not presented with any due process or appeal rights, nor was she allowed to exhaust any due process or appeal rights provided in such Milton Hall's handbook and policies.

32.

Pursuant to the incentive bonus plan contained in subsection 2(b) of the Agreement, Ms. Ansel was entitled to an incentive bonus of $100,000.00 on February 20, 2020. To date, Ms. Ansel has not been paid any portion of this incentive bonus.

33.

Pursuant to Subsection 6(c) of the Agreement, any disputes that cannot be resolved through good faith discussions shall be determined by non-binding mediation to be held within thirty (30) days of either parties' written request. Milton Hall never attempted to resolve this matter through good faith negotiations. Thus, Ms. Ansel sent a written request for mediation to Milton Hall on July 4, 2020, and thereafter participated in non-binding mediation which proved unsuccessful.

34.

Because mediation was not successful, Ms. Ansel thereafter filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 20, 2020. Ms. Ansel received her Notice of Right to Sue from the EEOC on or about September 25, 2020.

**COUNT 1—Discrimination in Violation of Title VII (42 U.S.C. § 2000e-2(a))**

35.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-34 of this Complaint with the same force and effect as if pleaded separately herein.

36.

The Defendant engaged in a pattern and practice of discrimination against Ms. Ansel based on her sex (female) in violation of Title VII, 42 U.S.C. § 2000e-2(a).

37.

Defendant's violation of Title VII was willful, pervasive, and created a hostile work environment.

38.

As a direct and proximate result of the discriminatory conduct by the Defendant, Ms. Ansel has suffered injury including, but not limited to, loss of wages and benefits of employment.

**COUNT 2—Retaliation in Violation of Title VII (42 U.S.C. § 2000e-3(a))**

39.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-38 of this Complaint with the same force and effect as if pleaded separately herein.

40.

The Defendant retaliated against Ms. Ansel for complaining about the discrimination she was experiencing when it terminated her on February 27, 2020, in violation of Title VII, 42 U.S.C. § 2000e-3(a).

41.

Defendant's alleged justification of Ms. Ansel's termination was pretextual. Ms. Ansel was not insurbordinate or violating company policies. Rather, she was terminated for opposing Defendant's numerous unlawful employment practices.

42.

As a direct and proximate result of the retaliatory conduct by the Defendant, Ms. Ansel has suffered injury including, but not limited to, loss of wages and benefits of employment.

**COUNT 3—Discrimination in Violation of the ADEA (29 U.S.C. § 623(a))**

43.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-42 of this Complaint with the same force and effect as if pleaded separately herein.

44.

The Defendant engaged in a pattern and practice of discrimination against Ms. Ansel based on her age (48) in violation of the ADEA, 29 U.S.C. § 623(a).

45.

Defendant's violation of the ADEA was willful, intentional, and pervasive.

46.

As a direct and proximate result of the discriminatory conduct by the Defendant, Ms. Ansel has suffered injury including, but not limited to, loss of wages and benefits of employment.

### COUNT 4—Retaliation in Violation of the ADEA (29 U.S.C. § 623(d))

47.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-46 of this Complaint with the same force and effect as if pleaded separately herein.

48.

The Defendant retaliated against Ms. Ansel for complaining about the discrimination she was experiencing when it terminated her on February 27, 2020, in violation of Title VII, 29 U.S.C. § 623(d).

49.

Defendant's alleged justification of Ms. Ansel's termination was pretextual. Ms. Ansel was not insurbordinate or violating company policies. Rather, she was terminated for opposing Defendant's numerous unlawful employment practices.

50.

As a direct and proximate result of the retaliatory conduct by the Defendant, Ms. Ansel has suffered injury including, but not limited to, loss of wages and benefits of employment.

**COUNT 5—Retaliation in Violation of the False Claims Act (O.C.G.A. § 49-4-168.4(a))**

51.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-50 of this Complaint with the same force and effect as if pleaded separately herein.

52.

The Defendant retaliated against Ms. Ansel for complaining about the Medicare and Medicaid fraud Milton Hall appeared to be engaging in when Defendant terminated her employment on February 27, 2020, in violation of O.C.G.A. § 49-4-168.4(a).

53.

Defendant's alleged justification of Ms. Ansel's termination was pretextual. Ms. Ansel was not insurbordinate or violating company policies. Rather, she was terminated for opposing Defendant's numerous unlawful employment practices,

including her belief that Milton Hall was committing Medicare and Medicaid fraud and therefore violating O.C.G.A. § 49-4-168, *et seq*.

54.

As a direct and proximate result of the retaliatory conduct by the Defendant, Ms. Ansel has suffered injury including, but not limited to, loss of wages and benefits of employment.

### **COUNT 6—Breach of Contract (O.C.G.A. § 9-3-24)**

55.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-54 of this Complaint with the same force and effect as if pleaded separately herein.

56.

Pursuant to the Agreement Defendant entered with Ms. Ansel, Defendant owed duties to Ms. Ansel, including, but not limited to: payments under a bonus incentive plan, and that she could be terminated for cause only with proper notice and allowing Ms. Ansel to exhaust all due process or appeal rights prior to any termination for cause.

57.

Defendant violated and breached the duties it owed to Ms. Ansel when Defendant:

(a) Failed to pay Ms. Ansel for the $100,000.00 bonus she earned during her first year of employment with Defendant;

(b) Terminated her employment without proper, written notice; and

(c) Terminated her without allowing her to exhaust all due process or appeal rights prior to any termination for cause.

58.

As a result of Defendant's breach, Ms. Ansel has been damaged including, but not limited to, lost wages.

## COUNT 7—Attorney's Fees

59.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-58 of this Complaint with the same force and effect as if pleaded separately herein.

60.

Defendant's wrongful actions against Ms. Ansel are in bad faith, Defendant has been stubbornly litigious, and Defendant has caused Ms. Ansel unnecessary trouble and expense, thereby entitling Ms. Ansel to an award of attorney fees under O.C.G.A. § 13-6-11.

## COUNT 8—Punitive Damages

61.

Tarajean Ansel realleges and hereby incorporates by reference paragraphs 1-60 of this Complaint with the same force and effect as if pleaded separately herein.

62.

Pursuant to 42 U.S.C. §§ 1981a(a)(1) and 1981a(b)(1), Ms. Ansel shall be entitled to punitive damages to deter and punish Defendant from such other and further intentional discriminatory practices - which was done with malice to the federally protected rights of Ms. Ansel - calculated with a specific intent to cause harm.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests this Honorable Court award her the following relief:

a) Retroactive reinstatement to the Revenue Cycle Management Executive position that the Plaintiff is entitled to under O.C.G.A. § 49-4-168.4(b);

b) Full back pay retroactive to the date that Ms. Ansel was terminated, plus interest (see, e.g., O.C.G.A. § 49-4-168.4(b));

c) Front pay from the date Ms. Ansel was terminated;

d) Compensatory damages, liquidated damages, and special damages sustained as a result of the Defendant's intentional and willful discrimination;

e) Punitive damages in an amount to be determined by a fair and impartial jury based on Defendant's intentionally harmful and wrongful conduct;

f) Payment of the $100,000.00 bonus Ms. Ansel earned;

g) Reasonable attorney's fees, expert witness fees, interest, and other litigation costs premised upon Defendant's bad faith (see O.C.G.A. § 13-6-11);

h) For all other statutory, civil, general, special, extraordinary, injunctive, or other relief which this Honorable Court deems just and appropriate; and

i) A trial by jury on all issues so triable.

Respectfully submitted, this 23rd day of December, 2020.

                        MOORE INGRAM JOHNSON & STEELE, LLP

                        */s/ Clayton O. Carmack*
                        Clayton O. Carmack
                        GA Bar No.: 110540
                        Anna M. Diaz-Caballero
                        GA Bar No.: 235192
                        *Attorneys for Plaintiff, Tarajean Ansel*

Emerson Overlook
326 Roswell Street, Suite 100
Marietta, Georgia 30060
(770) 429-1499
coc@mijs.com
amdiaz-caballero@mijs.com